Frost, J.
delivered the opinion of the Court.
It is made known to this Court, by the admission of counsel, in the argument (a fact which did appear at the trial) that the will of Margaret Dominick does not contain any devise of land; she having died not seized of any real estate.
In the case of Taylor’s will, decided in this Court, John Williamson, who was nominated executor, was one of three subscribing witnesses. He had qualified and acted in execution of the will. When it was offered for probate, in solemn form, he was dead. The only question was whether, under the Act of 1824, Williamson was a “ credible witness f and it was held that he was not. The same construction was applied to “ credible witness” in the Act of 1824, prescribing the mode in which wills of personal property should be exe-cutec*j which had been given to those words in the statute of frauds and Act of 1789, respecting devises of land. It was the opinion of the whole Court that :t credible” means comPetent > and that the competency of the witness must be re’ferred to the time of attestation. This point is settled. It is affirmed by all the elementary writers.
For this construction, it must be assumed that, to be credible, is a quality which the Act requires in the witnesses who may legally attest a will. These witnesses are deputed, by law, to protect the testator from coercion, restraint, or imposition; and to authenticate and confirm his last will and testament, as his voluntary and rational act. It follows that if the witnesses do not possess, at the time of the execution of the will, the quality required, it cannot afterwards be supplied. If any of them be not then credible, by reason of a benefit he may take by the instrument, he cannot be made credible by a future release. The Roman law required wills to be executed in the presence of freemen and citizens. If, when, the will was executed, they did not have these qualifications, the defect could not be supplied by subsequent emancipation or grant of citizenship. I<f an insane person attest a will, a recovery of reason cannot remove his disability when he did the act. No more can a release remove the temptation to fraud which an interest in the will created, at the time when the witness subscribed it. To hold that the statutory incapacity of the witness may be removed by a future release of an interest, which disqualified him at the time of attestation, would render the Act more instrumental to the practice than *591 the prevention of fraud and perjury. The very precautions designed to give security to gifts of property, by will, mighty be converted into the means of defeating the disposition of the testator. The will would be absolutely in the power of the witness. If he consents to release, the will is established; if he refuses, the will is annulled. It is in his power to set up the estate to auction between the legatees and next of kin, and sell it to the highest bidder. And thus being first bribed by an interest in the will to make it, he is open to another bribe to vacate it.
I Ld. Ray. 505. 2 Stra. 1253.
4 Bur. 250.
3 Russ. 436. 3Sim’40.
A rule of evidence so pregnant with fraud and perfidy, should be excluded by every possible construction. The rejection of it is well supported by the words and intention of the Act, and by adjudged cases. Hilliard v. Jennings, Anstey v. Dorney, and the great argument of Lord Camden in Hinson v. Kersey. The statute of Geo. 2d set at rest, in England, this much agitated question ; so that I have not found any case later than Hinson v. Kersey, in which it has been directly decided. But the opinion of Lord Camden has prevailed. 1 Jarmon on wills, 63. 2 Greenl. Ev. sec. 691. Bargraw v. Winder, 2 Ves. 636, and other cases cited.
In the case of Taylor’s will, it was also adjudged that the office of executor, with the commissions legally incident to it, is an office of profit; and the appointment gives to the nominee an interest in the will, which makes him not a credible witness to attest it. The diversity of opinion in the Court respected the statute of Geo. the second; whether it was of force; and if it was, whether it applied to wills of personal property under the Act of 1824. Three of the Judges who maintained that it was of force, held that it operated ■only on devises of land ; and not on wills of personal properly. This is now well settled in the English Courts by the cases of Emanuel v. Constable, and Foster v. Banbury. Three'of the Judges who held that the statute was not of force, concurred that Williamson was nota “ credible” witness.
This case cannot be distinguished from Taylor’s case. If Williamson was not a credible witness, neither can Hair be. Williamson was not called to prove the will. His competency, as a witness, to prove it, was not tried. He might be competent to attest, and not to prove, the execution of the will. For attestation, and proof of attestation, are very different things. That Williamson had acted as executor, and received commissions, would have given him an interest to maintain the will, which might have disqualified him, if offered, as a witness, to prove it. But that would not affect his competency to attest, any more than, if after attesting, he had been convicted of perjury. In either case the attestation might be proved by other witnesses. If he was not a good attest *592 ing witness, it is immaterial whether he acted on the will or not_ That circumstance could only affect his competency to prove its execution. If he was a good attesting witness, any future disqualification could not destroy that competency. So, whether he had assumed or renounced the execution of the will, that being an act subsequent to the attestation, was wholly immaterial to the decision, whether he was acre dible witness, at the time when he subscribed the will; which was the sole and direct point made in Taylor’s case.
i Rich. 474.
The motion is dismissed.
Richardson, J. — Johnston, Ch. — Dunkin, Ch. — Evans, J. — Wardlaw. J. — Caldwell, Ch. — and Dargan, Ch.— concurred.